79 F.3d 1166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lorraine D. HENRY, Plaintiff-Appellant,
v.
John K. WILLIAMSON and Schmidt, Johnson, Williams, Hovey,
Timmons, Collins, Williamson, & Ziegler,
Defendants-Appellees.
 No. 96-1220.
 United States Court of Appeals, Federal Circuit.
 March 7, 1996.
 
 Before BRYSON, Circuit Judge
 ON TRANSFER
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The court sua sponte considers whether Lorraine D. Henry's appeal should be retransferred to the United States Court of Appeals for the Eighth Circuit.
 
 
 2
 The following has been gleaned from the November 14, 1995 order of the United States District Court for the Western District of Missouri. Henry apparently approached Williamson and his law firm in 1974 for the purpose of securing a patent for an invention created by Henry's father. In 1995, Henry initiated a lawsuit in district court against Williamson alleging, inter alia, that Williamson had conspired to steal her father's invention, had violated her civil rights, and had committed mail fraud. On November 14, 1995, the district court dismissed the action on the ground that Henry failed to allege a cause of action under federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.
 
 
 3
 Henry filed a notice of appeal directed to the Eighth Circuit. On February 8, 1996, the Eighth Circuit transferred the case to this court. The cover letter from the clerk stated that the case was a "patent infringement" case.
 
 
 4
 This court has jurisdiction to review certain final decisions of district courts. See 28 U.S.C. § 1295(a)(1). Specifically, we review decisions of district courts where the district court's jurisdiction was based in whole or in part on 28 U.S.C. § 1338(a). Section 1338(a) provides, in relevant part, district courts have jurisdiction over any civil action "arising under" a federal patent statute. In Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988), the Supreme Court explained that § 1338 jurisdiction extends only to those cases in which a well-pleaded complaint establishes either the federal patent law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. In this case, it is clear that the district court's jurisdiction was not based on § 1338(a) and that this court lacks jurisdiction over Henry's appeal.*
 
 
 5
 Jurisdiction over this appeal properly lies with the Eighth Circuit. Pursuant to 28 U.S.C. § 1631, if this court determines it does not have jurisdiction over an appeal it is required, "in the interest of justice," to transfer the appeal to the court in which the appeal properly lies.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 The case is retransferred to the United States Court of Appeals for the Eighth Circuit.
 
 
 
 *
 While a transferee court does not usually revisit the jurisdiction issue decided by a transferror court, it should do so when the transfer decision was " 'clearly erroneous and would work a manifest injustice.' " Christianson, 486 U.S. at 817 (citation omitted)